UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SUSAN F.
o/b/o K.G.P.,

    Plaintiff,

v.                     8:23-CV-0866 (ML)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

APPEARANCES:              OF COUNSEL:

COLLINS & HASSELER, PLLC        LAWRENCE D. HASSELER, ESQ.
 Counsel for the Plaintiff
225 State Street
Carthage, New York 13619

SOCIAL SECURITY ADMINISTRATION    SHANNON FISHEL, ESQ.
 Counsel for the Defendant           Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

   Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

heard in connection with those motions on September 5, 2024, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is GRANTED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4) This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: September 11, 2024
      Binghamton, New York

Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
SUSAN E. F.
o/b/o K.G.P.,

                             Plaintiff,

vs.                                          23-CV-866

COMMISSIONER OF SOCIAL SECURITY,

                             Defendant.

------------------------------------------------------x
```

**DECISION - September 5, 2024**

**the HONORABLE MIROSLAV LOVRIC, presiding**

<u>APPEARANCES</u> (by telephone)

```
For Plaintiff:    COLLINS & HASSELER, PLLC
                  225 State Street
                  Carthage, NY 13619
                    BY:  LAWRENCE D. HASSELER, ESQ.

For Defendant:    SOCIAL SECURITY ADMINISTRATION
                  Office of the General Counsel
                  6401 Security Blvd.
                  Baltimore, MD 21235
                    BY:  SHANNON FISHEL, ESQ.
```

*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

1           THE COURT:  Minor Plaintiff K.G.P.'s mother has
2    commenced this proceeding on his behalf pursuant to Title 42,
3    United States Code, Section 405(g) to challenge the adverse
4    determination by the Commissioner of Social Security finding
5    that K.G.P. was not disabled at the relevant times and
6    therefore ineligible for Supplemental Security Income
7    benefits.
8           By way of background the Court notes as follows:
9    Plaintiff was born in 2008.  And Plaintiff here that I am
10   referring to is the minor on whose behalf his mother brought
11   this action.  Plaintiff is currently approximately 16 years
12   old.  He was approximately 12 years old on the date of his
13   application for benefits.  At the time of the ALJ's decision,
14   Plaintiff was approximately 5 feet, 4inches in height and
15   weighed approximately 196 pounds.
16           Plaintiff was diagnosed with speech and language
17   deficits when he enrolled in preschool, and has received
18   special education assistance throughout his academic career
19   due to difficulties arising from his diagnosed learning
20   disabilities and his mental health symptoms.  His mental
21   health treatment includes prescription medication and regular
22   therapy sessions.
23           During the period under review, Plaintiff's
24   individualized education plan included reduced class sizes
25   for approximately half a school day so he could receive

1  assistance in math, reading and other subjects.  The
2  remainder of the school day was spent in larger, traditional
3  classes.  During the most recent academic year reflected in
4  the record, Plaintiff was in the seventh grade but was
5  limited to remote online classes for an extended period due
6  to the coronavirus pandemic.  Since December of 2021
7  Plaintiff has been part of a home school program, so he is
8  not enrolled in a formalized special education program.  See
9  Transcript at page 9.
10           Procedurally the Court notes as follows for this
11 case.  Plaintiff's mother applied for Title XVI benefits on
12 his behalf on September 8, 2020, alleging an onset date of
13 January 1, 2012.
14           Plaintiff's application for benefits alleges
15 disability based on mental health impairments including
16 autism spectrum disorder, depression, anxiety, and various
17 speech and language disorders.
18           Administrative Law Judge Jennifer Gale Smith
19 conducted a hearing by videoconference on November 18, 2021
20 to address Plaintiff's application for benefits.  ALJ Smith
21 issued an unfavorable decision on December 2 of 2021.  That
22 decision became the final determination of the agency on
23 June 7, 2023, when the Appeals Council denied Plaintiff's
24 request for review.
25           This action was commenced on July 14, 2023 and it

1  is timely.
2        In her December 2, 2021 decision at issue in this
3  case, the ALJ first determined that Plaintiff was an
4  adolescent at all relevant times between the date of the
5  application and the date of the ALJ's decision.  The ALJ then
6  applied the three-step sequential evaluation process to
7  determine whether the minor Plaintiff is disabled as defined
8  under the Act.
9        First, the ALJ concluded that Plaintiff had not
10 engaged in substantial gainful activity since the application
11 date of September 8, 2020.
12       At step two, the ALJ concluded that Plaintiff had
13 the following severe impairments:  Autism spectrum disorder,
14 learning disability in reading, anxiety disorder, depressive
15 disorder, attention deficit hyperactivity disorder,
16 obsessive-compulsive disorder, speech or language impairment,
17 allergic rhinitis, and obesity.
18       At step three, the ALJ assessed whether Plaintiff's
19 severe impairments meet, medically equal, or functionally
20 equal the criteria of any listed impairment.  In making this
21 determination, the ALJ expressly considered several listings.
22 The ALJ considered listing at 103.02, dealing with chronic
23 respiratory disorders.  Next, the ALJ considered listing
24 112.04, dealing with depressive, bipolar, and related
25 disorders.  Next, the ALJ considered listing 112.06, dealing

with anxiety and obsessive-compulsive disorders. The ALJ considered listing at 112.10, dealing with autism spectrum disorder. And the ALJ considered listing 112.11, dealing with neuro-developmental disorders.

Most relevant to this proceeding are the mental health listings. In order to meet or medically equal one of these, an individual must exhibit an extreme limitation of one, or a marked limitation of two of the following domains of mental functioning. Extreme means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain or complete activities. See 20 C.F.R. Section 416.926a(e). Marked indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. Those domains of mental functioning are the following:

First, understanding, remembering, or applying information; next, interacting with others; next, concentrating, persisting or maintaining pace; and lastly, adapting or managing oneself.

The ALJ found Plaintiff has a marked limitation in understanding, remembering, or applying information, but no more than moderate limitations in the other domains. Accordingly, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or

1  medically equaled the severity of any listed impairments.
2           The ALJ continued her analysis and found that
3  Plaintiff did not have an impairment or combination of
4  impairments that functionally equaled the severity of a
5  listed impairment.  Specifically, the ALJ evaluated the six
6  domains of functioning and found that Plaintiff had, first, a
7  marked limitation in acquiring and using information; next,
8  less than marked limitations in attending and completing
9  tasks, interacting and relating with others, caring for
10 himself, and health and physical well-being; and lastly, no
11 limitation in moving about and manipulating objects.
12          Thus, the ALJ determined that Plaintiff did not
13 have a marked limitation in two or more of the functional
14 domains and did not have an extreme limitation in any one
15 domain.
16          Having concluded that Plaintiff did not have an
17 impairment or combination of impairments that meets,
18 medically equals, or functionally equals the severity of a
19 listed impairment, the ALJ therefore found that Plaintiff was
20 not disabled.
21          The Court next turns to Plaintiff's arguments.
22 First, I begin by indicating, as you know, this Court's
23 functional role in this case is limited and extremely
24 deferential.  The Court must determine whether correct legal
25 principles are applied and whether the determination is

1  supported by substantial evidence, defined as such relevant
2  evidence as a reasonable mind would find sufficient to
3  support a conclusion.  As the Second Circuit noted in *Brault*
4  *v. Social Security Administration Commissioner*, 683 F.3d, at
5  443, a 2012 case, the standard is demanding, more so than the
6  clearly erroneous standard.  The Court in *Brault* also
7  indicated that once there is a finding of fact, that fact can
8  be rejected only if a reasonable factfinder would have to
9  conclude otherwise.
10          In this appeal Plaintiff raises primarily and
11  essentially three primary contentions for this proceeding.
12  First, Plaintiff argues that the ALJ failed to properly
13  explain her finding that Plaintiff's impairments did not
14  meet, medically equal, or functionally equal a listed
15  impairment.  Second, Plaintiff argues that the ALJ failed to
16  properly evaluate the opinion evidence from Plaintiff's
17  treating psychiatrist and Plaintiff's teachers.  And third,
18  Plaintiff also argues that the Appeals Council erred by
19  refusing to consider a psychological assessment performed
20  after the date of the ALJ's decision.
21          The Court begins its analysis as follows.  This
22  Court finds that the ALJ failed to support her evaluation of
23  the medical opinions, teacher evaluations, and hearing
24  testimony with substantial evidence because she omitted key
25  portions of the teacher evaluations from her analysis.  This

1  Court further finds that the Appeals Council committed error
2  by summarily rejecting a psychological evaluation that
3  related back to the period reviewed by the ALJ.  Accordingly,
4  this Court holds that remand for further administrative
5  findings is required to properly evaluate the medical opinion
6  and other evidence.
7             The Court will now turn to the ALJ's incomplete
8  analysis of teacher evaluations.  When considering the domain
9  of attending and completing tasks, an ALJ considers how well
10 a child is able to focus and maintain attention, and how well
11 the child begins, carries through, and finishes activities,
12 including the pace he or she performs at and the ease at
13 which he or she changes between them.
14            In this case, the ALJ found that Plaintiff had less
15 than marked limitations in attending and completing tasks,
16 and a moderate limitation in the related functional domain of
17 concentration, persistence and pace.  As support, the ALJ
18 cited teacher evaluations describing Plaintiff as working to
19 the best of his ability, appearing engaged, and being one of
20 the few students to keep his camera on and look at the screen
21 during online class discussions.
22            The same teacher evaluations express serious
23 concerns about Plaintiff's ability to maintain attention and
24 concentration and finish tasks, but these concerns were
25 excluded from the ALJ's analysis.  For example, Plaintiff's

1  social studies teacher observed that Plaintiff seems engaged,
2  but most often cannot respond appropriately to questions and
3  appears attentive in class, but is most often unable to
4  follow directions to complete assignments afterwards.
5  Plaintiff's science teacher found that Plaintiff was an
6  enthusiastic student but simply can't do the work he is
7  asked.  She noted that although Plaintiff receives resource
8  room assistance from another teacher, in that time he is not
9  able to get help with all subjects due to the amount of help
10 he needs and his work is almost completely incorrect for
11 every assignment.  One of Plaintiff's special education
12 teachers noted that Plaintiff completes most work on time,
13 although it's often because it is not done well.
14          This Court finds similar unaddressed issues in the
15 ALJ's evaluation of Plaintiff's ability to interact and
16 relate to others.  In assessing this domain, an ALJ is
17 expected to consider how well a child initiates and sustains
18 emotional connections with others, develops and uses the
19 language of his or her community, cooperates with others,
20 complies with rules, responds to criticism, and respects and
21 takes care of the possessions of others.  See 20 C.F.R.
22 Section 416.926A(i).  For adolescents, this includes the
23 ability to initiate and develop friendships with children
24 their own age and to relate appropriately to other children
25 and adults, to solve conflicts between themselves and others,

1   to intelligently express feelings, and to ask for assistance
2   when needed.  The applicable regulations and the related case
3   law have emphasized the importance of assessing speech and
4   language impairments, such as Plaintiff's documented
5   difficulties with receptive language, when evaluating a
6   child's ability to engage in social interaction.  See case of
7   *Miller o/b/o K.A.M. versus Commissioner of Social Security*,
8   that's 19-cv-498, a 2020 Westlaw case found at 4338893, at
9   page 3.  That's a Western District New York, July 28, 2020
10  case.  And therein the judge also cites a collection of cases
11  standing for this proposition.
12            When assessing Plaintiff's ability to interact and
13  relate to others, the ALJ found that Plaintiff's teachers
14  report no more than minimal limitations in this area and
15  describe Plaintiff as pleasant, tolerant, polite, patient,
16  helpful and respectful.  As a general statement, this is
17  accurate.  However, none of the teacher evaluations were
18  based on observations of Plaintiff's behavior in an in-person
19  classroom setting, and all cautioned that it was difficult to
20  assess social interaction during virtual learning.  The ALJ's
21  decision makes a passing reference to online schooling, but
22  does not discuss the impact that virtual learning had on the
23  teachers' ability to reliably evaluate some aspects of
24  Plaintiff's classroom performance.
25            Even with the limits of virtual learning,

Plaintiff's teachers identified difficulties interacting and relating to others.  For example, Plaintiff's social studies teacher observed that Plaintiff appeared engaged, but rarely responded appropriately to questions and his vocabulary and his ability to explain classroom concepts were below his grade level.  Plaintiff's science teacher noted that she had no direct observation of Plaintiff's ability to interact with his classmates, but that Plaintiff had shown problems expressing himself due to difficulty finding the right words. Beyond weekly online classes, this teacher had limited direct interaction with Plaintiff because he had not participated in any of her individual online office hours.  Several teachers commented that Plaintiff often was unable to recognize when he should ask for help with difficult assignments.

Although teachers are not medical sources, their evaluations are considered unquestionably probative evidence for assessing the severity of a child's impairment and the associated functional limitations, in light of a teacher's typically close interaction with students on a regular basis. In this case, the ALJ found multiple teacher evaluations more persuasive than the opinion of Dr. Joshua Frank, had who been Plaintiff's treating psychiatrist for four years at the time of his decision.  Dr. Frank opined that Plaintiff had a number of extreme or marked limitations.  Because the ALJ's decision omits key portions of these teacher evaluations that

1  are suggestive of potentially greater limitations, this
2  Court's ability to perform a meaningful review of the ALJ's
3  evaluation of the opinion evidence and the resulting
4  disability determination is frustrated, and remand is
5  required.  See case of *Rosemary B. versus Commissioner of*
6  *Social Security*, 21-cv-241.  That is a Magistrate Judge
7  Baxter case, 2022 Westlaw 11130736, at page 5.  And that is a
8  Northern District New York, October 19, 2022 decision by
9  Magistrate Judge Baxter.  And therein Judge Baxter found
10 ALJ's selective citation of record created appearance of
11 cherry-picking evidence and was legal error requiring remand.
12         This Court recognizes that ALJs are not required to
13 reconcile every conflicting shred of evidence in their
14 decisions.  However, it is equally true that ALJs must
15 discuss the evidence and factors crucial to the disability
16 determination with sufficient specificity to enable this
17 Court to decide whether the determination is supported by
18 substantial evidence.  Put another way, an ALJ must build an
19 accurate and logical bridge from the evidence to her
20 conclusion to enable a meaningful review.
21         The ALJ's incomplete explanation of the teacher
22 evaluations fails to build this necessary bridge to support
23 her conclusion that Plaintiff has less than marked
24 limitations in his ability to attend and complete tasks,
25 maintain attention and concentration, and engage in social

1   interaction.  This Court cannot say that the evidence in the
2   record as a whole definitively supports greater limitations,
3   but this Court does find that the ALJ failed to provide the
4   requisite explanation to enable review of whether her
5   findings were supported by substantial evidence.
6           Because the ALJ already found a marked limitation
7   in Plaintiff's ability to acquire and use information, her
8   errors cannot be considered harmless because a finding of
9   greater limitation in either attending and completing tasks
10  or social interaction would have resulted in a finding that
11  Plaintiff is in fact disabled.  Therefore, remand for further
12  consideration is required.
13          The ALJ's incomplete analysis of the teacher
14  evaluations also raises questions regarding her evaluation of
15  the testimonial evidence.  Plaintiff's mother testified that
16  Plaintiff worked hard but struggled with math and reading in
17  school, had few friends or social activities, and had
18  difficulty staying focused on chores and recreational
19  activities such as movies and games.  Plaintiff's father and
20  grandmother expressed similar concerns in written testimony.
21  The ALJ discounted this testimony, and instead credited
22  Plaintiff's own testimony that he was doing well in school,
23  had many friends, and did chores such as laundry, washing
24  dishes, cleaning the kitchen, making his bed, and taking out
25  the trash.

Although the ALJ has great discretion in evaluating subjective testimony, she must provide a sufficient basis for a reviewing court to determine whether the reasons for crediting or discrediting testimony were supported by substantial evidence. See case of *Candy A.O. versus Kijakazi*, that's 20-cv-766, and that is a Magistrate Judge David Peebles case, found at 2022 Westlaw 226804, at page 12, and that's a Northern District of New York, January 26, 2022 case issued by Judge Peebles. Plaintiff's teachers opined that Plaintiff often overestimated his abilities and had an honest but mistaken belief that he did not need help from others. The ALJ's failure to discuss these concerns before crediting Plaintiff's assessment of his own abilities is an additional error that raises questions regarding her disability determination, and should be revisited on remand.

Turning next to the new and material evidence before the Appeals Council. While Plaintiff's request for review was pending, his counsel filed a summary report of a Psychological Assessment performed on January 30th of 2023 that assessed Plaintiff's cognitive and adaptive functioning at the age of 14. The Appeals Council found that the Assessment did not affect the ALJ's decision about whether Plaintiff was disabled on or before December 2 of 2021.

Evidence generated after an ALJ's decision cannot be deemed irrelevant solely because of timing. See case of

1  *Carrera v. Colvin*, 13-cv-1414.  And that is a district court,
2  Gary L. Sharpe decision, 2015 Westlaw 1126014, at page 8.
3  And that's a Northern District of New York, March 12, 2015
4  decision by Judge Sharpe.  Likewise, categorical refusal to
5  consider new and material evidence solely because it was
6  created after the date of the administrative law judge's
7  decision can constitute reversible error.  See case of
8  *Carrera* that I just cited.  Also see case of *Pollard v.*
9  *Halter*, 377 F.3d 183, at page 193.  And that's a Second
10 Circuit 2004 case.
11          Although the Psychological Assessment report was
12 dated February 28, 2023, its authors referenced evaluations
13 already in the administrative record and found Plaintiff's
14 then current cognitive scores and adaptive abilities
15 consistent with reports of prior functioning as well as
16 clinical observations.  Thus, its conclusions relate to
17 Plaintiff's functional abilities during the period on or
18 before the ALJ's decision.  This new report is material
19 because it provides an in-person psychological evaluation of
20 Plaintiff's intellectual functioning, including communication
21 skills and his ability to maintain attention and
22 concentration, that could have influenced the Commissioner to
23 decide the case differently.  Therefore, the Appeals
24 Council's categorical rejection of the assessment was in fact
25 error, and the report's relevance should be evaluated on

1  remand.

2            Next to the issue of an expedited administrative
3  review on remand.  Finally, this Court is mindful that almost
4  four years have passed since Plaintiff's mother applied for
5  benefits on his behalf when Plaintiff was 12 years old.
6  Plaintiff is now 16 years old.  Delay in resolution of this
7  case is harmful for any litigant, but particularly in
8  connection with benefits for children, which are intended to
9  enable families to afford special education, medical
10 treatment, physical rehabilitation, early intervention
11 services, and personal needs assistance for the child.  See
12 case of *Myers ex rel. C.N. versus Astrue*, 09-cv-1429.  That's
13 a 2012 Westlaw case at 4107453, at page 11.  And that is a
14 Northern District New York, September 18, 2012 case.  And
15 therein noting that the purpose of providing Social Security
16 benefits to children is to assist them while they are
17 children.

18           Accordingly, and consistent with similar cases in
19 the Second Circuit and Northern District of New York where
20 delay will create undue hardship, this Court directs that
21 further proceedings in this case before the ALJ shall and
22 must be completed within 120 days of the issuance of this
23 Court's remand order, and that if the decision is a denial of
24 benefits, a final decision of the Commissioner shall and must
25 be rendered within sixty days of any administrative appeal.

1  So just to be clear, in this case the ALJ shall and must
2  complete within one hundred days of the issuance of this
3  Court's remand order, their review, and issue a decision as
4  to the benefits.  And thereafter, a final decision by the
5  Commissioner must be rendered within sixty days of an
6  administrative appeal.  See case of *Michaels v. Colvin*, 621
7  F.App'x 35, at page 41, Second Circuit, 2015 case.  See also
8  *Brandon C. versus Commissioner of Social Security*, 21-cv-159.
9  And that is a Magistrate Judge Baxter decision and that's
10 found at 2023 Westlaw 8020257, at page 3.  And that's a
11 Northern District New York, November 20th, 2023 decision.
12         As a result, Plaintiff's motion for judgment on the
13 pleadings is hereby granted; the defendant's motion for
14 judgment on the pleadings is denied; and this matter is
15 reversed and remanded to the Commissioner pursuant to
16 sentence four of Title 42, United States Code, Section 405(g)
17 for further proceedings consistent with this Decision and
18 Order.
19         That concludes this Court's reasoning, analysis
20 and decision.
21             *           *            *

C E R T I F I C A T I O N

    I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held by telephone conference in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

    */s/ Eileen McDonough*
    _____
    EILEEN MCDONOUGH, RPR, CRR
    Federal Official Court Reporter